FILED
OCT 12 2022

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| JOHN DANIEL CHALLENDER,<br><br>Plaintiff,<br><br>vs.<br><br>PENNINGTON COUNTY; SCO COLON, Jailer Sheriff at Pennington County Jail, in his individual and official capacity; LT. HOUSTON, Lieutenant Sheriff at Pennington County Jail, in her individual and official capacity; SGT BOAL, Sergeant Sheriff at Pennington County Jail, in his/her individual and official capacity; KEV THOM, Elected Sheriff at Pennington County, in his individual and official capacity; SCO COMRIE, Senior Officer Sheriff at Pennington County Jail, in his individual and official capacity; and CO CASEY, Correctional Officer at Pennington County Jail, in his individual and official capacity;<br>Defendants. | 5:22-CV-05034-CBK<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff, John Daniel Challender, a pretrial detainee at the Pennington County Jail in Rapid City, South Dakota, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983 and subsequently amended his complaint alleging the defendants violated his constitutional rights. This Court granted Challender leave to proceed in forma pauperis and now must screen Challender's complaint under 28 U.S.C. § 1915A to determine whether he has alleged a cognizable claim.

I.      **Factual Background**

In his amended complaint, Challender contends that in March 2022, Corrections Officer Colon "started derogating and instigating inmates (myself included)" during the Jail's 6:00–7:15PM lockdown. After asking to see a sergeant, Challender claims that

1

Colon disciplined him with a 48-hour lockdown and denied Challender due process. Sergeant Boal rejected Challender's appeal of the disciplinary action. Challender argues that Sergeant Boal erred by not giving the proper hearing according to the Jail's procedures. In his review, Boal amended the disciplinary rule violation from a "1.25" to a "1.11." Lieutenant Houston also rejected Challender's appeal of the disciplinary action and did not grant the hearing that Challender alleges he was entitled to have. On April 23, 2022, Challender alleges that Senior Corrections Officer Comrie gave him 48 hours of lockdown, denied his hour of recreation, and denied his half hour of dayroom time because he received food from another inmate. The following day, Challender alleges that Corrections Officer Casey gave him an additional disciplinary lockdown for apparently putting "cereal in [his] food," and contends that Casey was acting on Comrie's instructions. Challender argues that these punishments violate his rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Challender argues further that his Eighth and Fourteenth Amendment rights were violated because he was singled out to receive discipline among other inmates who were also trading food. Challender also alleges that Houston took away his kosher diet in violation of his First and Fourteenth Amendment rights.

Challender provided documentation showing that he exhausted his administrative remedies with the Jail for the March lockdown related disciplinary incidents and states that he exhausted his administrative remedies for the remaining claims. All Challender's claims against the Jail's employees are brought in their individual and official capacities. Challender contends that Pennington County is liable on the basis of respondeat superior and that Pennington County Sheriff Thom is liable in his individual and official capacity for the actions of the Jail's employees.

## II.   28 U.S.C. § 1915A Screening Standard

The Prison Litigation Reform Act requires the Court to screen prisoner complaints and dismiss any portion of the complaint that is "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). An action is frivolous if "it

2

lacks an arguable basis either in law or in fact." Aziz v. Burrows, 976 F.2d 1158, 1158 (8th Cir. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 324 (1989)).

A complaint states a claim upon which relief may be granted if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action's elements, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). A plaintiff must demonstrate a plausible claim for relief that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 679 (citing FED. R. CIV. P. 8(a)(2)).

The court is required to give the plaintiff's *pro se* complaint liberal construction and identify any discernable cognizable claim. Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015). A court has the duty to examine a pro se complaint "to determine if the allegations provide for relief on any possible theory." Williams v. Willits, 853 F.2d 586, 588 (8th Cir. 1988). However, a court is not required to supply additional facts for a *pro se* plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### III. Discussion

#### A. Vicarious Liability Claims

Challender alleges that Pennington County and Sheriff Kevin Thom are vicariously liable for the actions of the officials employed by the Jail. But a county cannot be held liable under 42 U.S.C. § 1983 "solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). "A county

3

may be liable for a constitutional violation under § 1983 only if the violation resulted from a policy or custom of the municipality." Calgaro v. St. Louis Cnty., 919 F.3d 1054, 1058 (8th Cir. 2019) (quoting Monell, 436 U.S. at 694). Challender has failed to allege any unconstitutional policy or custom of the county that the individual defendants were enforcing that resulted in the violation of plaintiff's federal constitutional rights. Challender's complaint clearly states that he is suing Pennington County only under the theory of respondeat superior. Thus, the claim against Pennington County must be dismissed.

On the same basis, Thom cannot be held personally liable for the acts of the Jail's officials. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." Clemmons v. Armontrout, 477 F.3d 962, 967 (8th Cir. 2007) (quoting Mayorga v. Missouri, 442 F.3d 1128, 1132 (8th Cir. 2006) (internal quotations and citations omitted)). Here, Challender does not provide any specific facts alleging that Thom was personally involved in or directly responsible for any constitutional violations. As such, the claim against Thom in his personal capacity must be dismissed.

### B. Official Capacity Claims

Challender's official capacity claims against Colon, Houston, Boal, Thom, Comrie, and Casey are treated as redundant claims against Pennington County and should be dismissed. "A plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer and therefore must establish the municipality's liability for the alleged conduct." Kelly v. City of Omaha, 813 F.3d 1070, 1075 (8th Cir. 2016). These claims are redundant because Challender also brought a claim against Pennington County directly. See Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Thus, these claims against Colon, Houston, Boal, Thom, Comrie, and Casey in their official capacities should be dismissed.

### C. Individual Capacity Claims

#### i. Fifth and Eighth Amendment Claims

At the outset, Challender cannot make a claim under the Fifth or Eighth Amendments. Challender was a pretrial detainee at the time the complaint was filed, and the Eighth Amendment only applies to inmates that have been convicted of a crime. The Court takes judicial notice of the records of South Dakota's Unified Judicial System that show Challender had seven pending cases against him in Pennington County around the time he filed his complaint. As a pretrial detainee, any claim against jail officials should be assessed under the Fourteenth Amendment. See Stearns v. Inmate Servs. Corp., 957 F.3d 902, 906 (8th Cir. 2020) (quoting Bell v. Wolfish, 441 U.S. 520, 535 (1979)). Therefore, all claims made against the officials under the Eighth Amendment should be dismissed. Similarly, the Due Process Clause of the Fifth Amendment Applies to the United States, whereas the Due Process Clause of the Fourteenth Amendment applies to the States. See Dusenbery v. United States, 534 U.S. 161, 167 (2002). Challender was incarcerated in a county jail and all the officials that Challender brings claims against are county employees. Therefore, Challender's Fifth Amendment due process claim should be dismissed.

#### ii. Disciplinary and Grievance Procedure Claims

Challender's complaint alleges a violation of his Fourteenth Amendment due process and equal protection rights based on a series of events that happened in March and April of 2020. Liberally construed, Challender appears to claim that the two 48-hour "lockdowns" that he received were unfair punishments and that the officials did not give him the hearings that he was entitled to for a major violation. He claims further that he was improperly singled out and punished for trading food.

Challender alleges facts sufficient to show that he was punished after asking to speak with a sergeant. The Supreme Court has explained that "a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law," but that "[n]ot every disability imposed during pretrial detention amounts to 'punishment' in the constitutional sense." Bell v. Wolfish, 441 U.S. 520, 535, 537 (1979). There are two

5

ways to determine whether a restriction or condition rises to the level of punishment. "A plaintiff could show that the [restrictions] were intentionally punitive." Stearns, 957 F.3d at 907 (citing Bell, 441 U.S. at 538). "Alternatively, if there is no expressly demonstrated intent to punish, the plaintiff could also show that the [restrictions] were not reasonably related to a legitimate governmental purpose or were excessive in relation to that purpose." Id. (citing Bell, 441 U.S. at 538–39). "If [restrictions] are found to be arbitrary or excessive, it is permissible to 'infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees *qua* detainees.'" Id. (quoting Bell, 441 U.S. at 539).

Viewing the facts in the light most favorable to the plaintiff, Challender claims that he was put in a 48-hour lockdown for requesting to speak to a sergeant. Putting an inmate in lockdown for making a simple request could be viewed as intentionally punitive or arbitrary and excessive compared to any legitimate governmental purpose. Whether the claim has merit cannot be resolved until the defendants file an answer.

On the other hand, Challender has not stated a claim for a violation of his Fourteenth Amendment substantive or procedural due process rights for the denial of a hearing for which he claims he was entitled to. To establish a substantive due process violation, a plaintiff must allege "(1) that the official violated one or more fundamental constitutional rights, and (2) that the conduct of the executive official was shocking to the contemporary conscience." Flowers v. City of Minneapolis, 478 F.3d 869, 873 (8th Cir. 2007) (citations and internal quotation omitted). Challender has made no such showing. Indeed, "an individual must have a constitutionally protected interest in life, liberty, or property in order for the protections of procedural due process to attach." Mickelson v. Cnty. of Ramsey, 823 F.3d 918, 930 (8th Cir. 2016). Here, Challender alleges that he did not receive the proper major hearings and appeals as required by the Jail's procedures. But "[w]hile a violation of a state-created liberty interest can amount to a violation of the Constitution, not every violation of state law or state-mandated procedures is a violation of the Constitution." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam). A prison grievance procedure "is a procedural right only, it does

6

not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the [F]ourteenth [A]mendment." Id. Here, Challender's allegation alone does not rise to the level of a constitutional violation. For that reason, this claim should be dismissed without prejudice.

    Challender also has not stated a claim for the violation of his due process rights based on his punishment for trading food with other inmates. To establish that his 48-hour lockdown was an unconstitutional punishment, Challender would have to show that the policy prohibiting trading food is not reasonably related to, or was excessive in relation to, a legitimate governmental purpose. See Stearns, 957 F.3d at 907. But when courts evaluate prison policies, prison administrators are "accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell, 441 U.S. at 547. Here, Challender does not seem to contest that he was trading food with other inmates in violation of the Jail's policy. The Court finds that a policy prohibiting inmates from trading food is reasonably related to, and not excessive in relation to, the government's legitimate purpose in maintaining prison discipline and security. Accordingly, this claim should be dismissed without prejudice.

    Challender fails to state a claim for the violation of his equal protection rights based on being singled out for punishment. The Eighth Circuit has explained that for a prisoner to prevail on an equal protection claim, he "must show that he is treated differently from similarly-situated inmates and that the different treatment is based upon either a suspect classification or a fundamental right." Patel v. U.S. Bureau of Prisons, 515 F.3d 807, 815 (8th Cir. 2008) (citations and internal quotation omitted). Because Challender fails to allege that he is a member of a protected class or that his fundamental rights have been violated, his allegation can only be construed as raising a class-of-one equal protection claim. Under that standard, he "must prove that the [defendant] systematically and 'intentionally treated [him] differently from others similarly situated and that there is no rational basis for the difference in treatment.'" Nolan v. Thompson,

521 F.3d 983, 989–90 (8th Cir. 2008) (quoting Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam)); see also Phillips v. Norris, 320 F.3d 844, 848 (8th Cir. 2003). "A class-of-one plaintiff must 'provide a specific and detailed account of the nature of the preferred treatment of the favored class,' especially when the state actors exercise broad discretion to balance a number of legitimate considerations." Nolan, 521 F.3d at 990 (quoting Jennings v. City of Stillwater, 383 F.3d 1199, 1214–15 (10th Cir. 2004)). Challender fails to allege any facts sufficient to meet this standard. Thus, his equal protection claim for the selective enforcement of the Jail's rules should be dismissed without prejudice.

### iii. Kosher Diet

Challender claims that Lieutenant Houston took away his kosher diet in violation of his First Amendment rights and both his due process and equal protection rights under the Fourteenth Amendment. Of course, "[p]rison walls do not form a barrier separating prison inmates from the protections of the Constitution." Turner v. Safley, 482 U.S. 78, 84 (1987). "Inmates clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (internal citations omitted). "An inmate who challenges the constitutionality of a prison regulation or policy that limits the practice of religion must first establish that it infringes upon a sincerely held religious belief." Hamilton v. Schriro, 74 F.3d 1545, 1550 (8th Cir. 1996). Here, Challender has alleged no such beliefs. His complaint states nothing to show that he sincerely holds religious beliefs entitling him to a kosher diet. Thus, he has not stated a claim for a violation of his First Amendment rights and the claim should be dismissed without prejudice

Challender also fails to allege facts sufficient to support a violation of the Equal Protection Clause of the Fourteenth Amendment. Like his other equal protection claim, Challender has not alleged that his differential treatment is based on a suspect classification. Although "[r]eligion is a suspect classification," Patel, 515 F.3d at 816, Challender has failed to allege that he is part of a protected religious group or that he was

treated differently from other similarly situated inmates. Because he fails to state a claim for a violation of the Equal Protection Clause, this claim should be dismissed without prejudice.

Finally, Challender fails to allege facts sufficient to support a violation of either his substantive due process or procedural due process rights under the Fourteenth Amendment. Challender cannot sustain a claim for a violation of his substantive due process rights because he fails to allege that an official violated a fundamental constitutional right or demonstrated conduct that shocks the contemporary conscience. See Flowers, 478 F.3d at 873. He also has not stated a claim for a violation of his procedural due process rights because he fails to identify a constitutionally protected interest in life, liberty, or property. See Mickelson, 823 F.3d at 930. For that reason, this claim should be dismissed without prejudice.

Now, therefore,

IT IS ORDERED:

1. Challender's claims against Pennington County are dismissed.
2. Challender's claims against Sheriff Thom in his individual and official capacity are dismissed.
3. Challender's claims against Senior Corrections Officer Colon, Lieutenant Houston, Sergeant Boal, Senior Corrections Officer Comrie, and Corrections Officer Casey in their official capacities are dismissed.
4. Challender's claims against Lieutenant Houston, Sergeant Boal, Senior Corrections Officer Comrie, and Corrections Officer Casey in their personal capacities are dismissed.
5. Challender's Fourteenth Amendment due process claim against Colon survives screening under 28 U.S.C. § 1915A. All other claims against Colon are dismissed.
6. The Clerk of Court shall provide plaintiff a summons and USM-285 form for the remaining defendant, Senior Corrections Officer Colon. Plaintiff shall complete and return to the Clerk of Court the summons and USM-285 form

within 30 days of the mailing of the form to him. Upon receipt of the completed summons and USM-285 form, the Clerk of Court will issue the summons.

7. The United States Marshals Service shall serve a copy of the summons and amended complaint upon the remaining defendant pursuant to SDCL 15-6-4(d)(8). All costs of service shall be advanced by the United States.

8. In the event plaintiff makes a recovery under the complaint, plaintiff shall reimburse the government for any filing and service fees that have been advanced.

9. If the plaintiff fails to complete and return summons and the USM-285 form as directed, this matter will be dismissed for failure to prosecute.

10. Challender's Motion to Appoint Counsel (Doc. 9) is denied as premature.

DATED this 12th day of October, 2022.

BY THE COURT:

Charles B. Kornmann
CHARLES B. KORNMANN
United States District Judge